UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELDIN RAMIC,

                              Plaintiff,

v.

VELDIN BARBER; LENSCRAFTERS;
AFSA DATA; LB SECURITY; and
MVCC ,

                              Defendants.

6:18-CV-798
(BKS/ATB)

---

ELDIN RAMIC, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court another civil rights complaint filed by pro se plaintiff Eldin Ramic, together with a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 1, 2). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**I.**    <u>**In Forma Pauperis ("IFP") Application**</u>

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).  The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   **Complaint**

Unfortunately, this is not the first time that plaintiff has attempted to sue these defendants.  Plaintiff has been suing the same defendants since at least 2004. *See Ramic v. LB Security Service*, No. 6:04-CV-241 (DNH/GJD) (dismissed 6/07/04) (reopening denied and plaintiff precluded from filing additional papers – 4/20/05 and 4/10/15); *Ramic v. Mohawk Valley Community College ("MVCC")*, No. 6:05-CV-348 (DNH/DEP) (dismissed 7/6/05) (reopening denied 10/21/15); *Ramic v. Lenscrafters*, No. 6:05-CV-349 (DNH/DEP) (dismissed 3/23/05) (request to reopen denied 4/20/05 – appeal filed 8/19/15); *Eldin v. Barber*, No. 6:15-CV-440 (MAD/ATB) (dismissed 5/22/15) (notice of appeal filed 6/3/15); *Ramic v. AFSA Data*, 6:15-CV-1243 (DNH/ATB) (dismissed 11/23/15) (request to reopen cases stricken by Hon. David N. Hurd on July 2, 2018) (Dkt. Nos. 15, 16); *Ramic v. LB Security*, No. 6:15-CV-1244 (DNH/ATB) (dismissed 11/23/15) (requests to reopen cases and add defendants Dream Works and CIA stricken on 10/5/16 and 7/2/18) (Dkt. Nos. 12-16); *Ramic v. AFSA Data, LB Security, and MVCC*, No. 6:15-CV-1288 (LEK/TWD) (dismissed 12/3/15) (request to reopen denied on 7/3/18) (Dkt. Nos. 14-15); *Ramic v. Barber, LB Security, Utica Police, and Lenscrafters*, No. 6:16-CV-258 (MAD/ATB) (remanded to New York State Supreme Court and closed 11/30/16) (Dkt. No. 29) (letter requests to reopen denied 6/5/17, 7/6/18) (Dkt. No. 36).

When plaintiff was not successful in moving to reopen in each of his previous cases, on July 6, 2018, he filed this new action making the same claims against the same defendants and listing all the prior actions in an attempt to circumvent the court's

3

denial of his requests to reopen in the individual cases. Plaintiff continues to make the same frivolous claims against essentially the same defendants who have been dismissed multiple times "with prejudice." Plaintiff has also attached 120 pages of exhibits to his "complaint." (Dkt. No. 1-2, 1-3). Exhibit 1 is a list from the court's electronic filing system, ("CM/ECF") of all of plaintiff's cases, including the dates that all but one of them were closed.[1]

At the heart of his story, is plaintiff's claim that he has been attacked and tortured by electromagnetic weapons and microchip implantation. The "Facts" section of this complaint continues to allege invasion of privacy and implantation of a microchip in his eye by Lenscrafters and behind his ear by his barber. (Dkt. No. 1 ¶ 4). Most of the rest of the complaint is illegible, but it is clear that this is plaintiff's new attempt at bringing back his old cases.

The first page of plaintiff's Exhibit 2 is entitled "Request for Reopening and Request for Opening New Cases." (Dkt. No. 1-3 at CM/ECF p.1). Plaintiff states that "if electromagnetic abuse, no such torture continues there is legal ground to open new cases." (*Id.*) Plaintiff is also concerned that the movie "Deadpool 2" has 70-80% of plaintiff's material in it and that they did not pay him for any of it. He states that "until slave labor is legalized it will remain my material," and he makes some vague statements about the "mob" making "fake brand of food" in basements with "insulated immigrants." Plaintiff states that there is nothing "frivolous" about "those cases."

---

[1] The list from CM/ECF that plaintiff has included as Exhibit 1 is dated October 6, 2016, which was before the date that his last case was closed. *Ramic v. Barber*, No. 6:16-CV-258 was closed on November 30, 2016 and transferred back to New York State Supreme Court. So, it is clear that all of plaintiff's actions are closed.

4

Plaintiff then continues to ramble without meaning, mentioning the FBI, Hitler, and Jesse Ventura. (Pl.'s Ex. 2, Dkt. No. 1-3, at CM/ECF pp.1-3).  Plaintiff has also attached citations to "You Tube" posts[2] and other articles to Exhibit 2, with subjects including "Organized Stalking and Electronic Harassment in the USA and Abroad." (*See e.g.* Pl.'s Ex. 2, Dkt. No. 1-3 at CM/ECF p.28).  Plaintiff's Exhibit 2 is 199 pages long.

In plaintiff's complaint form "Fact" and "Causes of Action sections, he mentions Veldin Barber and Lenscrafters, but other than to state that he was subject to "implantation," plaintiff never makes any statements about what any of the other defendants' conduct might have been.  He appears to be relying upon, and referring to the cases that have all been dismissed by the court.  Essentially, the document that plaintiff has filed is not a "new" complaint.

In my Order and Report-Recommendation in the related cases Nos. 6:15-CV-1243 and 15-CV-1244, I engaged in a detailed analysis of the reasons why plaintiff's actions were frivolous and subject to dismissal. (Dkt. No. 5 in 15-CV-1243).  There is no reason to repeat the analysis because as stated above, plaintiff's cases against these defendants have all been dismissed with prejudice, and his attempts to reopen them have been met with strike orders and/or denial.

To the extent that plaintiff is attempting to raise new claims against the makers of the movie "Deadpool 2," he has not named these individuals or companies in the complaint, and the rambling statements that plaintiff makes in Exhibit 2 regarding

---

[2] (Pl.'s Ex. 2, Dkt. No. 1-3 at CM/ECF pp.3-28).

"Deadpool 2" as well as all the other allegations, are frivolous at best.[3] Plaintiff has been warned in each individual case that he has previously filed in the District, which I have listed above and which plaintiff has listed in Exhibit 1, that he may not file any more documents or requests to reopen.[4]

Plaintiff's attempt at circumventing this court's orders constitutes abusive litigation. A complaint that repeats pending or previously litigated claims may be considered "abusive" and dismissed under the authority of 28 U.S.C. § 1915(e). *See Ranasinghe v. Kennell*, 718 F. App'x 82, 83-84 (2d Cir. 2018); *Lewis v. Sec. of Pub. Safety and* Correct., 508 F. App'x 341, 343-44 (5th Cir. 2013) (citing inter alia *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *Brown v. City of New York*, No. 17 Civ. 2281, 2018 WL 1770557, at *2 (E.D.N.Y. Apr. 12, 2018) (citing *Blake v. Bentsen*, 95-CV-2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul. 11, 1995)). Thus, this court will recommend dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The court also has discretion under the All Writs Act to enjoin plaintiff's from further vexatious litigation against defendants and related parties. *Azkour v. Maucort*,

---

[3] On the first page of Exhibit 2, plaintiff also states that "evidence shows that all kind of parties police, mafia, police that functions like mafia, and private companies, multiple other agencies are implanting people without consent, it is not legal, it is not exceptable [sic]" (Dkt. No. 1-3, Ex. 2 at 1).

[4] Plaintiff has been told numerous times, among other things, that none of the defendants he sues in this action except MVCC, act under color of state law for purposes of section 1983. As stated above, plaintiff sued MVCC in **2005**, and the case was dismissed by Judge Hurd on July 6, 2005. (Dkt. No. 12). Plaintiff tried to reopen the case in October of 2015, and his motion was denied. (Dkt. No. 14). Judge Hurd issued a text-order on October 21, 2015 and "precluded [plaintiff] from filing any additional papers in this action without prior approval from the court." (Dkt. No. 16 in 6:05-CV-348). Plaintiff did not comply with Judge Hurd's order and on July 2, 2018, (shortly before filing this action), attempted to reopen 6:05-CV-348. (Dkt. No. 18). Plaintiff's second attempt at reopening was denied on July 5, 2018. Thus, bringing this action as a "new" case, without any new facts or claims relating to MVCC, would clearly result in dismissal of plaintiff's complaint against MVCC.

6

No. 11-CV-5780, 2018 WL 1441366, at *1 (S.D.N.Y. Mar. 21, 2018) (citing *Safir v. U.S. Airlines*, 792 F.2d 19, 23 (2d Cir. 1986)). The court considers various factors in making such a determination. *Id.* These factors include the plaintiff's litigation history; his motive in pursuing the litigation; whether plaintiff has an objective good faith expectation of prevailing; whether the litigant is represented by counsel, whether the litigant has caused needless expense to other parties or posed an unnecessary burden on the court and its personnel, and whether other sanctions would be adequate to protect the court and other parties. *Id.* (citing *Safir*, 792 F.2d at 24). Ultimately, the court determines whether the litigant, who has a history of vexatious litigation is likely to continue to abuse the process. *Id.* (*Safir*, 792 F.2d at 23). However, before a filing injunction is imposed, the litigant must be given an opportunity to be heard. *Id.* Thus, I will recommend dismissal of this action and a referral of this case to Chief District Judge Glenn T. Suddaby for notice to plaintiff and a determination of whether he should be enjoined from bringing further actions in this court without prior court approval.

    **WHEREFORE**, based on the findings above, it is

    **ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

    **RECOMMENDED**, that the complaint be **DISMISSED SUA SPONTE WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

    **RECOMMENDED**, that if the District Court adopts this recommendation, the court further certify that any appeal from this matter would not be taken in good faith

pursuant to 28 U.S.C. § 1915(a)(3), and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, this case be transferred to Chief Judge Suddaby for consideration of a filing injunction against plaintiff, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: July 12, 2018

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge