**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ELDIN RAMIC,**

      **Plaintiff,**

v.                    6:18-CV-0798 (BKS/ATB)

**VELDIN BARBER, et al.,**

      **Defendants.**
_____

Appearances:

Eldin Ramic
Utica, NY 13501
Plaintiff, pro se

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

  Plaintiff pro se Eldin Ramic filed this action on July 6, 2018, together with a motion for leave to proceed in forma pauperis. (Dkt. Nos. 1, 2). This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on July 12, 2018, issued an Order and Report-Recommendation, recommending that Plaintiff's complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and that this case be transferred to Chief District Court Judge Glenn T. Suddaby for consideration of a filing injunction. (Dkt. No. 4). Magistrate Judge Baxter advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 4, at 8). No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

In so doing, the Court notes that Magistrate Judge Baxter's recommendation that this case be referred to Chief Judge Suddaby for a determination of whether Plaintiff should be enjoined from bringing further actions in this Court without prior court approval is well supported by Plaintiff's history of vexatious and duplicative litigation in this district. (Dkt. No. 4 at 3-7). The Second Circuit has identified several factors that should be considered in determining whether or not to restrict a litigant's future access to the court:

> the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)).

In this case, as set forth in Magistrate Judge Baxter's Report-Recommendation, Plaintiff has filed eight pro se lawsuits in the Northern District of New York since 2004, making the same frivolous claims against essentially the same defendants. (Dkt. No. 4 at 3-4). On November 23, 2015, United States District Court Judge David N. Hurd dismissed Plaintiff's complaints in *Ramic v. LB Security*, Case No. 15-1244, and *Ramic v. AFSA Data*, Case No. 15-1243, under 28 U.S.C. § 1915e(2)(B)(i)-(ii) as frivolous and for failure to state a cause of action. On February 5,

2016, the Second Circuit Court of Appeals dismissed Plaintiff's appeal from another case, *Eldin v. Barber*, because Plaintiff's appeal "lack[ed] an arguable basis either in law or in fact." (Case No. 15-440, Dkt. No. 15.) On July 2, 2018, Plaintiff filed "requests to reopen" seven of the eight cases which had been dismissed or remanded to state court. *See* Case No. 04-241, Dkt. No. 25; Case No. 05-348, Dkt. No. 18; Case No. 05-349, Dkt. No. 21; Case No. 15-1243, Dkt. No. 14; Case No. 15-1244, Dkt. No. 15; Case No. 15-1288, Dkt. No. 14; Case No. 16-258, Dkt. No. 37. Plaintiff even filed requests to reopen in three cases in which Judge Hurd had directed Plaintiff not to file any additional papers without prior approval of the Court. *See* Case No. 04-241, Dkt. Nos. 21, 23; Case No. 05-348, Dkt. No. 16; Case No. 05-349, Dkt. Nos. 14, 20. Plaintiff filed this action on July 6, 2018, after his seven requests to reopen had been denied. (Dkt. No. 1).

The Court finds that Plaintiff Eldin Ramic has demonstrated a pattern of filing multiple frivolous actions arising out of the same underlying facts, without any objective good faith expectation of prevailing; that his actions have been duplicative and vexatious and posed an unnecessary burden on the courts and their personnel; and that other sanctions may not be adequate to protect the courts and other parties because Plaintiff has persisted in filing documents after having been ordered not to file without prior approval from the Court. The Court therefore recommends that Chief Judge Suddaby issue an Order to Show Cause, giving Plaintiff fourteen days to respond as to why he should not be enjoined from filing in this Court without prior permission of Chief Judge Suddaby.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and further

the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore an appeal may not be taken in forma pauperis; and it is further

**RECOMMENDED** that United States District Court Chief Judge Glenn T. Suddaby issue an Order to Show Cause, giving Plaintiff fourteen days to respond as to why he should not be enjoined from filing in this Court without prior permission of Chief Judge Suddaby; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 31, 2018

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge